Good morning, Your Honors. I'm Jim Miller, attorney for Appellant here, Tony Moreland. And I would, if it may please the Court, I'd like to reserve at least two minutes for a rebuttal, if that becomes necessary. Thank you. This is a Social Security disability case in which the application for disability benefits is now seven years old. I would like to suggest that the Court should consider the potential here to improve the performance of district courts by your action here. Both parties argue that the district court's remand in this case was improperly reached. The parties argued on different grounds, of course. But I would suggest that if the district court would have addressed issues and made clear and incisive rulings on all the issues that were raised in court, including the remedy, that this case might not be here at all, taking up your time. The reason I suggest that is because two of the essential cases in the history of considering whether to remand or to find a person disabled talk about the possibility of improving the performance of administrative law judges by not awarding a disability conclusion. In those cases, they both quoted or talked about the situation where an administrative law judge reaches a conclusion first, then justifies by making findings that justify the conclusion that's already been reached. Here, I would suggest the district court did the same thing. Reached the conclusion that they wanted to remand, then found that conclusion justified by insisting that resolution of almost all the issues depended on more information necessary in regards to a Dr. O. I think that the court should unburden itself of these types of appeals in such manners by attempting to improve the performance of ALJs and district courts by insisting that issues be addressed and not all referred to what I think is a kind of nonexistent issue. Counsel, you want to remand before Judge Chesney. You're urging that the specific issues reserved for the remand are not enough. Is that right? You would like us to identify additional issues which should be considered on remand to the HHS. Is that correct? Do I understand correctly? Well, no. That's not my primary argument. My primary argument is that the remedy here should have been finding that the claimant was disabled. And that's a pretty tall order on this. I agree. It's an uphill battle. And if you are using the abuse of discretion standard, then depending on how that standard is defined, it may be a tall order. Yes. Let me ask you something. Your claim is that what? That your client is entitled to benefits now on this record? On this record, yes. And that the district court should have ordered that rather than remanding. Ordered a remand for the payment of benefits instead of for further proceedings. That's right. Let me please, if I may, since the briefing in this case was completed, there have been four Social Security disability cases decided by this court. And three of them impact quite directly on this case. So I would just like to mention each one of those, three of those were cited in additional citations to the court. In the case called Benton v. Social Security, or Benton v. Commissioner, this court decided one of the main issues in this case, which is whether a treating psychiatrist who is a leader of a team treatment effort can be given the designation or given the status as treating physician. This court decided in Benton that that definitely should be the case. A head psychiatrist should be considered a treating physician. So I think that issue is decided. And if the court were to apply that ruling from Benton in this case, it would answer all of the district court's objections to, we do it at this level? Certainly. Although, it's certainly possible, although I don't think that the Ninth Circuit has ever ordered a finding of disability where the district court remanded. I don't think that's happened yet. And I think the trend is in the opposite direction, by the way, and maybe there's an opportunity to look at that here. If the court did apply the rule in Benton and say that Dr. O was a treating physician, even though he was a team leader, and as a psychiatrist, and his opinion should be accorded greater weight, that would resolve almost all of the issues that the district court remanded. The district court remanded the credibility of claimant issue, even on, for more findings on whether Dr. O was a treating physician. It was tying in that other issue was the district court's sloppiness. In Benton, there are some peculiar facts, right? Did you say the question was whether this psychiatrist could be a treating physician? Yes, he was a treating, he was a team leader psychiatrist. He only saw the patient, I forgot, once or twice. He supervised his team of other health care workers that saw the patient many more times. I mean, it's a little, I think, an unusual situation. I can't remember what was unusual about that. The court did note that the treating physician in that case maybe should be given even more weight than usual because he, even though he didn't see the claimant regularly or often or very much at all, he supervised all the time, and he was a very good team leader. He was a very good team leader, and he had a great deal of credibility and knowledge. In the Bunnell case that was also recently decided here, this case is very close to the situation. This is the most recent consideration of whether a district court remand should be looked at, and they decided that abuse of discretion is the proper standard for review of the remedy issue, and made a list of various issues that were to be decided in that case, including, if the person is disabled, the timing and duration of the disability. So I think under that case, very few cases, if any, ever would be changed to disability because the district court abused its discretion. I think recently in Connett, another very recent case from this court, in that case, the district court affirmed the decision of non-disability. This court remanded for further findings and turned down the opportunity to credit as true the testimony of the claimant and find the person disabled based on that testimony. You didn't give us the 28-J letter on that case, did you? I'm sorry. You didn't give us that citation before. No, that's since briefing was completed. The government cited that one, I'm sorry, as an additional citation. That's true. In that case, the government said that creating as true theory, crediting as true theory, I'm sorry, has flexibility and is not mandatory. Also, very recently, a case, McNabb, that Judge Shorter, you were involved in, there was an unusual remedy in that case, a remand to the district court without directions to remand further to Social Security. That may have been because of the unusual situation there that much of the evidence that the district court refused to consider did need to be considered by the district court. Well, now, we have all these cases, but what is it that compels us to order benefits in this case? I mean, these are all cases that seem to confirm the wisdom of what the trial judge did here, which was to remand to the HHS. Yes. All the evidence. Maybe you should quit while you're ahead. No, no, no. Sorry. The client is not interested in that. Well, I think all the evidence is there. Several treating physicians' opinions of disability that could be accredited. And the district court, I didn't brief this issue, which I'm sorry to say, the district court based its decision to remand on McAllister, a 1989 case. At that time, it was not even known whether you could appeal a remand. Only in 1990, the next year, the government found out they could appeal a sentence for remands by the district court. And only in 1998, in Forney v. Apfel's Supreme Court case, did claimants discover they could appeal a sentence for remands, like I'm doing now. Counsel, let me just ask you one quick question, and then you're going to have to sit down. But there's recent Supreme Court law in the immigration context, which makes it very clear that the courts are deciding administrative cases only on issues that were reached administratively. You should not reach out to decide questions that have not been reached by saying that the record is compelling, that we have to decide that they're entitled to relief. Now, why doesn't that apply here? Why aren't you in the teeth of that administrative law, that you can't reach issues that haven't been decided administratively? I'm not trying to raise any issues, I don't think, that haven't been raised. I mean, the issue of whether to remand or award benefits was... Well, the administrative agency hasn't decided whether to award benefits. On the basis of the kind of record that the district court says should have been developed, your argument is that on the basis of this record it's clear that he's entitled to benefits? Yes, yes. There's been this crediting as true training cases pertaining to both credibility and treating physicians, and that's only one aspect of review, but that is a prominent reason to award benefits, even where the district court did not. Thank you. Good morning, Your Honors. Michael Power, representing the Commissioner of Social Security. The issue in the case is whether the district court abused its discretion in remanding rather than reversing for payment of benefits, and as Mr. Miller indicated, the standard of review is abuse of discretion, and that's been established in the recent decisions in Harmon and Bunnell, which is a supplemental citation provided by opposing counsel. And Bunnell sets forth a three-pronged test to determine whether the district court abused its discretion in remanding rather than reversing for payment, and the court first asked whether the administrative law judge improperly rejected evidence. Second, whether there are no outstanding issues remaining, and third, whether it's clear that the administrative law judge would be required to find the claimant disabled if the rejected evidence were credited. So in this case, the district court found under the first step that the ALJ may have improperly rejected the opinion of Dr. O, depending on whether or not he was a treating physician or not, so the court remanded it for the administrative law judge to determine whether Dr. O qualified as a treating physician. Could the district court, and for that matter, could we make that determination as a matter of law, or is it a matter that has to be made in the first instance by the IJ? I think it could be made if the records were clear enough. I don't think the records in this case is at all clear that Dr. O was a treating physician. Unlike the Benton case, which opposing counsel provided as a supplemental citation, the doctor in Benton, the doctor at issue there, had examined the claimant. He had diagnosed the claimant's condition. He had prescribed medications and also was ahead of the treatment team. In this case, there is no indication that Dr. O ever examined the claimant, ever treated the claimant, ever prescribed medication, or as far as you can tell from the record, there's no indication that he did anything other than co-sign the letter that the therapist wrote to the claimant's attorney in the case. That's his only involvement that's apparent from the record. So it's not at all clear that he was a treating physician in the case. And the medications that were prescribed for depression were not prescribed by Dr. O. They were prescribed by the treating physician, Dr. Kimberg. So as I said, there's no factual similarity to the facts in the Benton case. Well, what is the position of the agency at this stage? Are you accepting the remand, or is it your position? You are, okay. Yes, we don't believe that the district court abused its discretion by remanding the case. I believe that it may have remanded on more grounds than necessary, but I don't think it does any harm for the ALJ to consider the extradition. Now, what about the substance abuse issue, which was not part of the remand? Actually, that was the third ground that the district court used to remand the case, and that's the one that I think was the most appropriate ground. Oh, it's clear, in other words, the EIJ will take another look at the substance abuse issue? Yes. All right. The district court ordered that. Okay. Yes, and that ground I agree with completely under the Ninth Circuit's decision in Bustamante. I think that was entirely warranted. I don't believe, as I said, I don't believe there's any evidence at all in the record that Dr. O was a treating physician, so that one I don't necessarily agree with, but I don't think it does any harm. On the other hand, there's certainly no basis to pay benefits rather than remand on any of the grounds that the district court cited. Well, your opposing counsel wants an order out of this court awarding benefits for reasons he expressed, but short of that, are there any other issues from his brief that could be added to those that should be heard on remand? I don't think he was requesting any additional issues. He was simply requesting a change in the relief from what the district court granted. And, you know, under the three-pronged Pennell standard that I was mentioning, there are outstanding issues remaining, which is the alcoholism issue, whether Dr. O is a treating physician. Those two will be looked at on remand. Pardon me, Your Honor? Those two will be looked at on remand. Yes. Yes. All right. Right. Those were ordered for further proceedings on remand on those two issues. And so there clearly are outstanding issues. So an award of benefits would be inappropriate under that standard. I would be glad to answer any further questions that the Court may have. Okay. Thank you. Thank you, Your Honor. Very briefly. Yes. Thank you, Your Honor. In my very brief chance here, I must comment that the emphasis on Dr. O's opinion, even though that was the district court's emphasis, is an improper emphasis for the disposition of this case before this court because Dr. Kimberg, clearly a treating physician, endorsed Dr. O's opinion, said, I endorse it and I find him disabled. The district court failed to deal with that, as did the ALJ. In that sense, Dr. O's opinion is a complete red herring and the district court tying everything to that issue is also a red herring. On the alcoholism issue, the ALJ found three times in the decision that alcoholism was not an issue in this case, even though he also found that claimant would not be disabled if he stopped drinking. I mean, it's totally ridiculous. Alcoholism is not an issue in this case. Also, on requesting a different disposition here, that involves looking at the issues because your disposition, the abuse of discretion, looking at the remedy, involves looking first at the issues that would cause that remedy. So even though I am asking for you to do a different disposition than the district court did and teach the district court something, that involves looking at the issues that were raised in district court and were resolved improperly there. So, thank you. Thank you, counsel. Case just argued is submitted for decision.
judges: Schroeder, O'scannlain, Tashima